**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| Stephanie Rao and Yodit Yemane,<br><br>Plaintiffs,<br><br>v.<br><br>Elevate MKE LLC,<br><br>Defendant. | **Civil Action No.**<br>**Judge**<br>**Mag. Judge** |

## COMPLAINT AND JURY DEMAND

Plaintiffs Stephanie Rao and Yodit Yemane (collectively, "Plaintiffs"), by and through their undersigned counsel, for their Complaint and Jury Demand, respectfully allege, based on personal knowledge as to facts relating to themselves and upon investigation of counsel for all other allegations, against Elevate MKE LLC ("Defendant"), doing business as Elevate MKE in Milwaukee, Milwaukee County, Wisconsin (the "Club"), as set forth below:

## I. BACKGROUND

1. This case is about unauthorized commercial use of two professional models' likenesses and advertising ideas in advertisements for a business.

2. Defendant's wrongful conduct, as further described below, gives rise to Plaintiffs' claims against Defendant under the federal Lanham Act, 15 U.S.C. § 1125(a), under Wisconsin statutory and common law, and under principles of equity,

entitling Plaintiffs to an award of damages, equitable remedies, injunctive relief, costs, attorney's fees, and all such other relief as is just and proper as requested herein.

## II. JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege Defendant violated the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this under 28 U.S.C. § 1391 because Defendant is in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

## III. PARTIES

### A. Plaintiffs

6. Plaintiff Stephanie Rao resides in California and has a commercial interest in her own image from her professional modeling work.

7. Plaintiff Yodit Yemane resides in California and has a commercial interest in her own image from her professional modeling work.

### B. The Club and Defendant

8. "Elevate MKE" (hereinafter the "Club") is located at 1131 N Water Street, Milwaukee, WI 53202.

9. The Club describes itself as "Milwaukee's Premier nightlife destination on Water Street. Live DJs, VIP sections & Hookas."

10. Elevate MKE LLC ("Defendant") is a Wisconsin limited liability company entity identification number E064748.

11. Defendant's registered agent is Tino Bates.

12. Defendant held or holds Class "B" beer and "Class B" liquor licenses for the Club.

13. On information and belief, Defendant owns, operates, and manages the Club.

14. As the owner, operator, and manager of the Club, Defendant is responsible for the advertisements used by the Club's own officers, managers, employees, agents, affiliates, or independent contractors to promote the Club.

## IV. GENERAL ALLEGATIONS

15. Each Plaintiff is a well-known professional model who has earned compensation by commercializing her image, identity, and likeness (collectively, each Plaintiff's "Image") through numerous professional modeling photoshoots for many business endeavors, including the advertisement and promotion of both herself as a model and of third parties' products and services through negotiated, arms-

length transactions with third-party commercial brands that wish to use that Plaintiff's Image for advertising.

16.Each Plaintiff uses her Image as her overall brand and trade dress for her herself as a professional model.

17.Each Plaintiff's Image constitutes the total overall look of each Plaintiff and identifies each Plaintiff to consumers generally as well as to potential advertising clients who may wish to pay such Plaintiff for modeling services.

18.Each Plaintiff offers potential advertisers who wish to hire that Plaintiff a distinct advertising idea: if you use my Image and the inherently distinct and unique way I look in an advertisement for your product or service, you will bring increased attention and business to your product or service.

19.Each Plaintiff trades on her Image and advertising idea to bring attention to the publications, products, brands, and services she chooses to affiliate with, uses social media to enhance her own brand, and exercises control over the use of her Image and advertising idea by third parties by vetting the reputation, brand, and type of goods or services advertised by any potential third party client prior to authorizing the use of her Image and advertising idea by that client.

20.Each Plaintiff places a high degree of value on her goodwill and reputation, including her ability to control which clients she chooses to work with, so that she can maximize her earning potential, book modeling contracts, offer exclusivity, and

maintain control of her own individual brand, and thus, Plaintiffs are necessarily selective concerning the companies and brands for which they model.

21. Each Plaintiff is not a "stock imagery" model whose Image can be licensed for commercial use without the Plaintiff's prior consent.

22. Unauthorized commercial use of each Plaintiff's Image deprives that Plaintiff of the fair market value compensation she would have otherwise earned for authorized commercial use of her Image in an advertisement, infringes each Plaintiff's trade dress, misappropriates each Plaintiff's advertising idea, takes away her control, and further diminishes, defames, and disparages the goodwill and reputation she has built, and the amount of future compensation she can command, for the licensed or authorized commercial use of her Image.

23. Defendant uses, among other things, pictures of women to promote, advertise, and market the Club, solicit customers for the Club, and imply endorsements of the Club, both directly and through various promoters, including through posts on various social media pages.

24. Defendant is ultimately responsible for the advertising content posted by or on behalf of the Club on the Club's own social media pages through the Club's officers, managers, employees, agents, or independent contractors or on the social media pages of those promoters with whom Defendant chooses to work to increase business at the Club.

25. Defendant's social media pages for the Club include at least the Facebook account https://www.facebook.com/p/Elevate-MKE-61588205200603/ and the Instagram account https://www.instagram.com/elevatemke/ (the "Social Media Accounts").

26. As of October 2026, Defendant had over 2,700 combined social media followers for its Social Media Accounts.

27. Multiple posts on the Club's Social Media Accounts advertising the Club (hereinafter the "Offending Advertisements") use and alter, without payment or permission, photographs of one or more of the Plaintiffs in this action and further infringe the trade dress of such Plaintiff and misappropriate the advertising idea of such Plaintiff.

28. Such Offending Advertisements make it appear that each Plaintiff worked at, endorsed, was associated with, was affiliated with, or allowed use of her Image to advertise the Club or Defendant, however each Plaintiff does not work at, has not endorsed, is not associated with, is not affiliated with, and has not allowed use of her Image by or for the Club or Defendant.

29. The Offending Advertisements disparage each Plaintiff and her modeling services by taking away her ability to choose which advertisers use her Image and forcing an association between each Plaintiff and the Club.

30. The Offending Advertisements show a false connection between each Plaintiff and the Club, devaluing each Plaintiff's own brand and services, and further falsely imply that Plaintiff may be at the Club in some capacity.

31. The Offending Advertisements and the related misappropriations of each Plaintiff's Image, Trade Dress, and Advertising Idea by or for Defendant occurred without any Plaintiff's knowledge, consent, or authorization.

32. An example of an Offending Advertisement at issue using Plaintiff Stephanie Rao's Image and advertising idea is as follows:



33.An example of an Offending Advertisement at issue using Plaintiff Yodit Yemane's Image and advertising idea is as follows:




34.The Offending Advertisements (including the examples listed above) remain posted live online on the Instagram Social Media Account and constitute continuing and ongoing violations of each Plaintiff's rights.

35.Defendant's ongoing use of each Plaintiff's Image and advertising idea in the Offending Advertisements without payment or permission damages and harms that Plaintiff by depriving her of payment to which she would have been entitled for a licensed use of her Image, by disparaging her brand and reputation, by taking away

her ability to offer other advertisers exclusivity, by taking away her ability to control commercial use of her own Image, by disparaging that Plaintiff's modeling work and services including as a "non-stock" model, and by disparaging that Plaintiff's professional and personal reputation as someone unaffiliated with Defendant's business.

## V. CLAIMS FOR RELIEF

### COUNT I
### Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* subsections (a)(1)(A) and (a)(1)(B)

36. Plaintiffs re-state and re-allege paragraphs 1 through 35 above and incorporate the same by reference as though fully set forth herein.

37. Each Plaintiff brings this claim against Defendant.

38. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities,

> or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

39. Defendant is liable to Plaintiffs for violations of subsections 1125(a)(1)(A) (the "false association" or "false endorsement" subsection) and 1125(a)(1)(B) (the "false advertising" subsection) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

40. Plaintiffs, through their careers in modeling, attractiveness, and individually distinctive physical looks, have all attained a degree of fame, celebrity, and public prominence.

41. Each Plaintiff has appeared in numerous authorized advertising campaigns and has her own social media following.

42. Each Plaintiff earns or has earned compensation by commercializing her own Image and advertising idea for use by reputable brands and services through arms-length negotiated transactions.

43. Each Plaintiff possesses a valid and protectable interest in her own Image eligible for protection under 15 U.S.C. § 1125(a)(1).

44. Each Plaintiff's Image is her trade dress for her own modelling services.

45. Each Plaintiff has possessed, maintained, and safeguarded her exclusive right to control the use of her own Image.

46. Prior to authorizing the use of her Image by a third-party potential client, each Plaintiff carefully considers the reputation of that potential client and the good or service being promoted.

47. Each Plaintiff did not authorize Defendant's use of that Plaintiff's Image, nor did Plaintiffs grant anyone else authority to authorize Defendant's use of any Plaintiff's Image.

48. Defendant is responsible for the use of each Plaintiff's Image in the Offending Advertisements.

49. Defendant used each Plaintiff's Image in the Offending Advertisements without consent, license, authorization, or legal right.

50. Defendant's unauthorized use of each Plaintiff's Image is ongoing and continuing as of the date of this Complaint.

51. In Defendant's Offending Advertisements, Plaintiffs are depicted and readily identifiable.

52. Defendant's unauthorized use of each Plaintiff's Image in Defendant's Offending Advertisements for the Club creates the false impression that Plaintiffs are affiliated with, associated with, have endorsed, promoted, agreed to advertise, would be appearing at, or otherwise participated in the Club.

53. Plaintiffs, however, have never been employed by, performed at, or affiliated themselves in any way with the Club or Defendant.

54.Plaintiffs would not agree to allow their Image to be used to promote the Club in Advertisements without being asked for permission first and without receiving at least fair market value compensation for the use of her Image, Trade Dress, and Advertising Idea.

55.Defendant placed, or participated in causing to be placed, the Offending Advertisements containing each Plaintiff's Image on some of the very same social media marketing channels used in interstate commerce by each Plaintiff to promote both herself and the third-party brands, products, and services each Plaintiff chooses to work with.

56.Defendant's unauthorized use of each Plaintiff's Image in the Offending Advertisements is likely to cause confusion as to each Plaintiff's association with, affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

57.On information and belief, Defendant's unauthorized use has caused actual confusion among advertisers (including Defendant itself) and consumers as to each Plaintiff's affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club or the Club's activities.

58.Defendant knew or should have known that they had no right to use each Plaintiff's Image to promote or advertise the Club.

59. Defendant knew or should have known that obtaining the right to use each Plaintiff's image would have required consent and substantial compensation.

60. Defendant's unauthorized use of each Plaintiff's Image without seeking their consent under these circumstances constitutes willful and deliberate conduct, or, in the alternative, Defendant recklessly or negligently failed to exercise reasonable care by failing to ensure that Defendant only used content in its advertisements that Defendant had the legal right to use and by further failing to promulgate sufficient policies and procedures regarding use of persons' Images in advertisements for the Club.

61. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits subject to disgorgement.

62. As direct and proximate result of Defendant's actions as described herein, each Plaintiff suffered actual damages including but not limited to being deprived of the fair market value compensation each Plaintiff would have otherwise received for the authorized or licensed use of her Image, and harm to each Plaintiff's goodwill and reputation, including their modeling goods and services, which has been disparaged and defamed by Defendant's conduct, all in an amount to be established at trial.

63. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' Lanham Act claims and entry of an order awarding Plaintiffs damages,

injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## COUNT II
## Violation of Plaintiffs' Common Law of Right of Publicity

64. Plaintiffs re-state and re-allege paragraphs 1 through 35 above and incorporate the same by reference as though fully set forth herein.

65. Each Plaintiff brings this claim against Defendant.

66. Each Plaintiff's Image is an element of that Plaintiff's identity.

67. Each Plaintiff's Image has significant commercial value as a result of each Plaintiff's professional modeling work.

68. Defendant published, posted, displayed, and/or otherwise publicly used or caused to be used each Plaintiff's Image on at least Defendant's Instagram Social Media Account without that Plaintiff's consent for the purposes of trade and commercial advertising, including, but not limited to, promoting, advertising, marketing, and implying endorsement of Defendant's Club and the Club's events and activities.

69. Accordingly, Defendant appropriated for its own use and benefit the reputation, prestige, commercial standing, public interest, distinctive look, and other values of each Plaintiff without consent or legal right.

70. Each Plaintiff is clearly visible and readily identifiable and distinguishable in the Offending Advertisements in which Defendant used her Image.

71. Each Plaintiff never consented to, authorized, licensed, or otherwise permitted Defendant's use of her Image for any purpose.

72. Defendant did not use each Plaintiff's Image in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising that is incidental to such uses.

73. Defendant did not use each Plaintiff's Image primarily for the purpose of communicating information or expressing ideas, rather, Defendant used each Plaintiff's Image primarily for the purpose of commercially advertising Defendant's Club.

74. Defendant acted intentionally in using each Plaintiff's Image and, knowing they did not have permission to use the Image, posted the Offending Advertisements containing each Plaintiff's respective Image to Defendant's Social Media Accounts or allowed the Offending Advertisements to be posted on affiliated promoters' accounts, all to market Defendant's Club and its activities and events without the authorization of each Plaintiff, appropriating for Defendant's own benefit the Image of each Plaintiff.

75. In the alternative, Defendant acted with reckless disregard to each Plaintiff's legal rights by expressly permitting, allowing, or condoning the use of each Plaintiff's Image in the Offending Advertisements on Defendant's Social Media

Accounts or on promoter accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

76. In the alternative, Defendant acted negligently in permitting, allowing, or condoning the use of each Plaintiff's Image on its Social Media Accounts or on promoter accounts for the purpose of marketing, advertising, promoting, and implying endorsement of Defendant's Club and its activities.

77. Defendant knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a person's Image for Defendant's commercial benefit.

78. Nonetheless, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, and the cost of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

79. Defendant's unauthorized use, alteration, and appropriation of each Plaintiff's Image has and will continue to directly and proximately damage Plaintiffs, their reputations, and their brands by attributing to Plaintiffs a false association with, involvement with, or endorsement of Defendant's Club and the Club's activities, and by disparaging each Plaintiff's modeling work and services.

80. As a direct and proximate result of Defendant's unauthorized use of each Plaintiff's Image, Defendant has damaged each Plaintiff by failing to compensate each Plaintiff for the fair market value for the right to use her Image, and by causing harm to each Plaintiff's goodwill and reputation, including her modeling goods and services, which have been disparaged and defamed by Defendant's conduct.

81. As a direct and proximate result of Defendant's unauthorized use of each Plaintiff's Image, Defendant has earned and withheld profits attributable directly or indirectly to Defendant's unlawful use of each Plaintiff's Image, entitling Plaintiffs to a disgorgement of those ill-gotten gains.

82. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law right of publicity claim and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT III**
**Violation of Plaintiffs' Common Law of Right of Privacy – Appropriation**

83. Plaintiffs re-state and re-allege paragraphs 1 through 35 above and incorporate the same by reference as though fully set forth herein.

84. Each Plaintiff brings this claim against Defendant.

85. Plaintiffs restate and re-allege paragraphs 66-81 herein, as a common law right of privacy – appropriation claim is identical to a common law right of publicity claim but for the inclusion within a common law right of privacy – appropriation claim of

an additional element of recoverable damages for harm to each Plaintiff's personal, as opposed to solely commercial, interests, and Defendant's conduct harmed each Plaintiff not only professionally but also personally by associating her with a business with which she did not want to be associated.

86. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law right of privacy appropriation claims and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT IV**

**<u>Misappropriation of Advertising Idea</u>**

87. Plaintiffs re-state and re-allege paragraphs 1 through 35 above and incorporate the same by reference as though fully set forth herein.

88. Each Plaintiff brings this claim against Defendant.

89. Each Plaintiff is the owner of a distinct and unique advertising idea: if you use my Image in your advertisement, you can increase exposure and ultimately business.

90. Defendant misappropriated each Plaintiff's advertising idea by using or allowing the use of each Plaintiff's Image in the Offending Advertisements promoting Defendant's Club for Defendant's own benefit without first obtaining permission from, or making any payment to, such Plaintiff for the use of her advertising idea.

91. As a direct and proximate result of Defendant's unauthorized use of each Plaintiff's advertising idea, Defendant has damaged each Plaintiff by failing to compensate each Plaintiff for the right to use her advertising idea in an amount to be determined at trial.

92. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' common law misappropriation of advertising idea claim and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT V**
**<u>Common Law Negligence</u>**

93. Plaintiffs re-state and re-allege paragraphs 1 through 35 above and incorporate the same by reference as though fully set forth herein.

94. Each Plaintiff brings this claim against Defendant.

95. Defendant was negligent in its failure to supervise its managers, employees, contractors, agents, or promoters, and further negligent in its failure promulgate policies and procedures, with respect to the use of only photographs of persons in advertising on Defendant's Social Media Accounts or elsewhere for which Defendant had legal right and authority.

96. Defendant's negligent failure to supervise or promulgate policies and procedures was the proximate cause of the harm and damages each Plaintiff suffered when Defendant used and published each Plaintiff's Image in Defendant's

Offending Advertisements on Defendant's Social Media Accounts or elsewhere, defaming and disparaging Plaintiffs and their reputations and brands, without permission or payment.

97. In the alternative, even if Defendant promulgated policies and procedures concerning use of only such images in advertising on Defendant's Social Media Accounts or elsewhere for which Defendant had legal right and authority, Defendant nevertheless negligently failed to enforce those policies and procedures, failed to sufficiently communicate them to managers, employees, contractors, agents, or promoters, and failed to exercise reasonable supervision of managers, employees, contractors, agents, or promoters.

98. In addition, Defendant had a duty to exercise reasonable care in refraining from appropriating the images and advertising ideas of individuals from whom Defendant lacked permissions, consent, or license, and breached that duty by its negligent hiring, screening, retaining, supervising, and/or training of its managers, employees, agents, contractors, and promoters involved in Defendant's advertising activities.

99. As a direct and proximate result of Defendant's negligence as alleged herein, Plaintiffs have suffered damages and demand judgment against Defendant on Plaintiffs' negligence claims and entry of an order awarding Plaintiffs damages,

injunctive relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

**COUNT VI**
**Violations of Wisconsin Statute § 995.50**
**Statutory Invasion of Right of Privacy**

100. Plaintiffs re-state and re-allege paragraphs 1 through 35 above and incorporate the same by reference as though fully set forth herein.

101. Each Plaintiff brings this claim against Defendant.

102. Wisconsin Statutes § 995.50 provides in part as follows:

> (1) The right of privacy is recognized in this state. One whose privacy is unreasonably invaded is entitled to the following relief:
>
> > (a) Equitable relief to prevent and restrain such invasion, excluding prior restraint against constitutionally protected communication privately and through the public media;
> >
> > (b) Compensatory damages based either on plaintiff's loss or defendant's unjust enrichment; and
> >
> > (c) A reasonable amount for attorney fees.
>
> (2) (am) In this section, "invasion of privacy" means any of the following:…
>
> > (2) The use, for advertising purposes or for purposes of trade, of the name, portrait or picture of any living person, without having first obtained the written consent of the person or, if the person is a minor, of his or her parent or guardian.

103. Each Plaintiff is a living person.

104. Defendant used and continues to use each Plaintiff's portrait or picture for advertising purposes or for purposes of trade.

105. Specifically, Defendant used and continues to use each Plaintiff's Image in advertisements for the Club posted by or on behalf of Defendant on social media so that Defendant could profit from patronage of the Club as described in detail herein.

106. Defendant's use of each Plaintiff's Image did not occur in connection with the dissemination of news and was without redeeming public interest or historical value.

107. There is a substantial connection between Defendant's use of each Plaintiff's Image in Defendant's advertisements for the Club and Defendant's commercial purpose as each Plaintiff's Image draws consumer attention.

108. Defendant did not first obtain, nor has Defendant ever obtained, the written consent of any Plaintiff to use any Plaintiff's portrait, picture, image, or likeness for any purpose, including but not limited to for advertising purposes or for purposes of trade.

109. Defendant invaded each Plaintiff's statutory rights of privacy through the acts set forth above and herein.

110. As a direct and proximate result of Defendant's actions as described herein, Defendant enjoyed increased revenues and profits.

111. As direct and proximate result of Defendant's actions as described herein, each Plaintiff suffered actual damages including but not limited to being

deprived of the fair market value of the various unauthorized uses by Defendant of each Plaintiff's own Image and harm to each Plaintiff's goodwill and reputation, all in amounts to be established at trial.

112. Based on the foregoing, Plaintiffs demand judgment against Defendant and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper and equitable.

**COUNT VII**
**Unjust Enrichment**

113. Plaintiffs re-state and re-allege paragraphs 1 through 35 above and incorporate the same by reference as though fully set forth herein.

114. Each Plaintiff brings this claim against Defendant.

115. As previously alleged, Defendant used and continues to use each Plaintiff's Image to advertise and promote Defendant's Club and its activities, thereby driving customers, business, and revenue to Defendant, and thereby, Plaintiffs conferred a benefit on Defendant.

116. Defendant knew or should have known that they benefited from the use of each Plaintiff's Image as is evident from the fact that Defendant published or allowed publication of each Plaintiff's Image to promote and advertise Defendant's Club and its activities.

117. Although Defendant knew or should have known of the negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a professional model's Image for commercial benefit, Defendant retained the benefits of using each Plaintiff's Image without permission from or compensation to Plaintiffs.

118. Moreover, Defendant circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendant.

119. Defendant's unauthorized use and alteration of each Plaintiff's Image has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs their association with, involvement with, or endorsement of the Club, and by disparaging the nature of each Plaintiff's modeling work and services.

120. As a direct and proximate result of Defendant's actions, Defendant has damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of each Plaintiff's Image and by associating them with Defendant's Club without each Plaintiff's consent.

121. As a direct and proximate result of the benefit Plaintiffs conferred on Defendant, Defendant has earned and continues to earn and withhold profits

attributable directly or indirectly to the unlawful use of each Plaintiff's Image, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

122. Based on the foregoing, Plaintiffs demand judgment against Defendant on Plaintiffs' unjust enrichment equitable claims and entry of an order awarding Plaintiffs restitution, injunctive relief, equitable relief, costs, attorney's fees, and all such other and further relief as to this Court seem just, proper, and equitable.

## VI. DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against Defendant on each of the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;
2. For the amount due, owing, and unpaid to Plaintiffs as actual damages in the amount of the fair market value compensation Plaintiffs would have otherwise received for uses of each Plaintiff's Image in the Advertisements;
3. For trebling of damages or statutory damages as permitted by law;
4. For prejudgment interest in an amount permitted by law;
5. For disgorgement of Defendant's profits;
6. For a permanent injunction barring Defendant's use of each Plaintiff's Image in advertisements or other promotional material for the Club,

including but not limited to an order requiring Defendant to direct removal of the advertisements containing each Plaintiff's Image from Defendant's Club's Social Media Accounts or any other accounts over which Defendant may exercise control;

7. For costs of this lawsuit;

8. For reasonable attorneys' fees; and

9. For all such other and further relief as proper and equitable.

## VII. JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Dated: October 27, 2026

Respectfully submitted,

s/ Edmund S. Aronowitz
Edmund S. Aronowitz
Attorney Bar Number: P81474 (MI) and admitted E.D. Wis.
Attorney for Plaintiffs
ARONOWITZ LAW FIRM PLLC
220 S. Main St. Ste. 305
Royal Oak, Michigan 48067
Telephone: (248) 716-5421
Email: edmund@aronowitzlawfirm.com